| | |
|---|---|
| **KESSLER TOPAZ MELTZER & CHECK, LLP**<br>Johnston de F. Whitman, Jr.<br>jwhitman@ktmc.com<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (610) 667-7056<br><br>-and-<br><br>Jennifer L. Joost<br>jjoost@ktmc.com<br>Rupa Nath Cook<br>rcook@ktmc.com<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104<br>Telephone: (415) 400-3000<br>Facsimile: (415) 400-3001 | **BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**<br>Francis J. Balint, Jr.<br>Andrew S. Friedman<br>2325 E. Camelback Road, Ste. 300<br>Phoenix, AZ 85016<br>Telephone: (602) 274-1100<br>Facsimile: (602) 274-1199<br>fbalint@bffb.com<br>afriedman@bffb.com |

*Attorneys for Lead Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Insys Therapeutics, Inc.; Michael L. Babich; Darryl S. Baker; John N. Kapoor; and Alec Burlakoff,<br><br>　　　　　　　Defendants. | No. 16-cv-00302-NVW<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Lead Plaintiff Clark Miller ("Plaintiff") respectfully submits this Partial Opposition to Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the Second Amended Complaint (Doc. 81) (the "Request for Judicial Notice").[1]

Among the documents for which Defendants seek judicial notice is Exhibit 51 to the Declaration of Nicole Sornsin, which is a copy of a September 29, 2008 Corporate Integrity Agreement between a different pharmaceutical company, Cephalon, Inc., and the Office of the Inspector General of the United States Department of Health and Human Services ("Cephalon Agreement"). The Cephalon Agreement, between entities that are not parties to this action, and that expired before the Class Period in this action began, is nowhere referenced in the SAC. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Request for Judicial Notice of the extrinsic Cephalon Agreement and disregard the arguments that Defendants base upon it. *See* DB 11-12 n.7.

## I. THE CEPHALON AGREEMENT IS INAPPROPRIATE FOR JUDICIAL NOTICE

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Fed. R. Evid. 201(b) provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's

---

[1] Unless otherwise noted: (i) capitalized terms and abbreviations shall have the meanings ascribed to them in the Second Amended Complaint for Violation of the Federal Securities Laws ("SAC") (Doc. 77); (ii) all references to "¶__" are to paragraphs in the SAC; (iii) all internal citations and quotation marks are omitted; (iv) all emphasis is added; (v) references to "Exhibit" are to exhibits to the Declaration of Nicole Sornsin (Doc. 81); and (vi) references to "DB" are to Defendants' Motion to Dismiss and Memorandum of Points and Authorities (Doc. 85).

1   jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." The scope of proper judicial notice is limited, however, to documents referenced in the complaint, or documents upon which the allegations in the complaint necessarily rely. *In re Calpine Corp. Sec. Litig.,* 288 F. Supp. 2d 1054, 1074 (N.D. Cal. 2003).

When reviewing motions to dismiss, courts routinely determine that documents not referenced in the complaint and upon which allegations of the complaint do not necessarily rely are irrelevant and inappropriate for judicial notice. *Id.* at 1076. Specifically:

> [u]pon the filing of a motion to dismiss, the PSLRA requires the Court to examine the complaint to determine whether there are sufficient allegations to state a claim for violation of the Exchange Act. . . . It is difficult to understand how documents not referenced in a complaint and on which allegations of the complaint do not necessarily rely can be relevant to the Court's determination. *Id.*

*See also Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin.,* 793 F. Supp. 2d 1138, 1146 n.12 (C.D. Cal. 2011) (declining to take judicial notice of documents from a different litigation that were not referenced in the complaint and were not official court orders or records).

Because the Cephalon Agreement was not referenced in the SAC, the Cephalon Agreement is extrinsic, irrelevant, and inappropriate for judicial notice. *See, e.g.*, *In re Adaptive Broadband Sec. Litig.*, 2002 WL 989478, at *20 (N.D. Cal. Apr. 2, 2002) (declining to take judicial notice of document first mentioned by defendants in their motion to dismiss, stating "[t]he Court cannot see any other relevance for it, thus it will not be judicially noticed or incorporated by reference into the Complaint").

## II.  DEFENDANTS' ARGUMENTS BASED UPON THE CEPHALON AGREEMENT SHOULD BE DISREGARDED

Based upon the extrinsic Cephalon Agreement, Defendants make the improper and implausible argument that Insys' strategy of pitching Subsys to prescribers who had previously written *off-label* prescriptions of Actiq (a Cephalon fentanyl product) did not constitute illegal off-label marketing. DB at 11-12 n.7. Specifically, Defendants contend

that the extrinsic Cephalon Agreement "negat[es] any assumption that, years later, Actiq prescribers remained tainted by off-label marketing." *Id*.

In addition to being improper, Defendants' argument makes no sense. The Cephalon Agreement, which expired on September 29, 2013 (approximately eleven months before the Class Period in this action began),[2] governed the actions of Cephalon – *not* the prescribers who wrote off-label prescriptions for that company's fentanyl product. The Cephalon Agreement, therefore, has no bearing at all upon whether those prescribers would again disregard fentanyl's dangers in writing off-label Subsys prescriptions in exchange for kickbacks, as was Defendants' design in targeting them. ¶¶34, 43, 103, 115-17.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) deny Defendants' request for judicial notice of the Cephalon Agreement (Exhibit 51); and (ii) disregard the arguments that Defendants seek to base upon it.

DATED: February 2, 2017                    Respectfully submitted,

**KESSLER TOPAZ
 MELTZER & CHECK, LLP**

*/s/ Johnston de F. Whitman, Jr.*
Johnston de F. Whitman, Jr. (admitted *Pro Hac Vice*)
jwhitman@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Jennifer L. Joost (admitted *Pro Hac Vice*)
jjoost@ktmc.com
Rupa Nath Cook (admitted *Pro Hac Vice*)
rcook@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

---

[2] *See* Exhibit 51 at 2 Section II. A ("period of compliance" is "five years from the effective date," which was September 29, 2008).

*Lead Counsel for Lead Plaintiff and the Proposed Class*

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Francis J. Balint, Jr.
Andrew S. Friedman
2325 E. Camelback Road, Ste. 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
fbalint@bffb.com
afriedman@bffb.com

*Liaison Counsel for Lead Plaintiff and the Proposed Class*

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
13650 Marina Pointe Drive
Suite 708
Marina Del Rey, CA 90292
Telephone: (800) 977-7401
Facsimile: (800) 536-0065
michael@goldberglawpc.com
brian@goldberglawpc.com

*Additional Counsel for Lead Plaintiff Clark Miller*

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing those persons who are CM/ECF registrants:

| | |
|---|---|
| Daniel Slifkin | Donald Wayne Bivens |
| David M. Stuart | Nicole Elizabeth Sornsin |
| **Cravath Swaine & Moore LLP** | **Snell & Wilmer LLP** |
| 825 8th Ave. | 1 Arizona Center |
| New York, NY 10019 | 400 E Van Buren |
| Tel: 212-474-1000 | Phoenix, AZ 85004-2202 |
| Fax: 212-474-3700 | Tel: 602-382-6549 |
| Email: dslifkin@cravath.com | Fax: 602-382-6070 |
| Email: dstuart@cravath.com | Email: dbivens@swlaw.com |
| | Email: nsornsin@swlaw.com |

*/s/ Johnston de F. Whitman, Jr*
Johnston de F. Whitman, Jr.