**KESSLER TOPAZ MELTZER & CHECK, LLP**
Andrew L. Zivitz
azivitz@ktmc.com
Johnston de F. Whitman, Jr.
jwhitman@ktmc.com
Jonathan F. Neumann
jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Jennifer L. Joost
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff, Class Representative, and the Class*

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Francis J. Balint, Jr.
fbalint@bffb.com
Andrew S. Friedman
afriedman@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

*Liaison Counsel for Lead Plaintiff, Class Representative, and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Richard Di Donato, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

Insys Therapeutics, Inc.; Michael L. Babich; Darryl S. Baker; and John N. Kapoor,

Defendants.

No. 16-cv-00302-NVW

**CLASS ACTION**

**CLASS REPRESENTATIVE'S MOTION FOR AN ORDER PRELIMINARILY APPROVING SETTLEMENT WITH DEFENDANT DARRYL S. BAKER AND PROVIDING FOR NOTICE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF CONTENTS


**Page**

I. PRELIMINARY STATEMENT ........ 1

II. FACTUAL BACKGROUND ........ 2

- A. Overview of the Litigation ........ 2
- B. Terms of the Proposed Settlement ........ 5

III. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ........ 5

- A. Standards Governing Approval of Class Action Settlements ........ 5
- B. The Court "Will Likely Be Able to" Approve the Proposed Settlement Under Rule 23(e)(2) ........ 7
  - 1. "Procedural" Aspects of the Settlement Satisfy Rule 23(e)(2) ........ 7
  - 2. The Settlement's Terms Are Adequate ........ 9
    - a. The Settlement Provides Substantial Relief, Especially in Light of the Costs, Risks, and Delay of Further Litigation ........ 9
    - b. The Settlement Does Not Unjustly Favor Any Class Member ........ 10
    - c. The Anticipated Request for Litigation Expenses Is Reasonable ........ 12
    - d. Class Representative Miller Has Identified All Agreements Made in Connection with the Settlement ........ 13

IV. THE PROPOSED SETTLEMENT NOTICE AND PLAN FOR PROVIDING SETTLEMENT NOTICE IS APPROPRIATE ........ 13

V. THE COURT SHOULD NOT REQUIRE A SECOND OPT-OUT PERIOD ........ 15

VI. PROPOSED SCHEDULE OF EVENTS ........ 17

VII. CONCLUSION ........ 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apollo Grp. Inc. Sec. Litig.*,
2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ........ 15

*In re Audioeye, Inc., Sec. Litig.*,
2017 WL 5514690 (D. Ariz. May 8, 2017) ........ 11

*Baker v. SeaWorld Entertainment, Inc.*,
2020 WL 818893 (S.D. Cal. Feb. 19, 2020) ........ 13

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005) ........ 5, 7

*Huddlestun v. Harrison Global, LLC*,
2018 WL 3752368 (S.D. Cal. Aug. 7, 2018) ........ 6

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ........ 13

*Low v. Trump Univ., LLC*,
881 F.3d 1111 (9th Cir. 2018) ........ 16

*McLaughlin v. IDT Energy*,
2018 WL 3642627 (E.D.N.Y. July 30, 2018) ........ 13

*Misra v. Decision One Mortg. Co.*,
2009 WL 4581276 (C.D. Cal. Apr. 13, 2009) ........ 9

*Nguyen v. Radient Pharms. Corp.*,
2014 WL 1802293 (C.D. Cal. May 6, 2014) ........ 7, 11

*Officers for Justice v. Civil Serv. Commc'n*,
688 F.2d 615 (9th Cir. 1982) ........ 5-6, 16

*In re OmniVision Technologies, Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2007) ........ 12

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ........ 6

*Paggos v. Resonant, Inc.*,
2017 WL 3084162 (C.D. Cal. May 15, 2017) ........ 15

*Rieckborn v. Velti PLC*,
2015 WL 468329 (N.D. Cal. Feb. 3, 2015) ........ 15

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ........ 6

*Rodriguez v. W. Publ'g Corp.*,
2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Sept. 10, 2007) ... 16

*Satchell v. Fed. Express Corp.*,
2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ... 8

*Spann v. J.C. Penney Corp.*,
314 F.R.D. 312 (C.D. Cal. 2016) ... 8

*Tait v. BSH Home Appliances Corp.*,
2015 WL 4537463 (C.D. Cal. July 27, 2015) ... 8

*Van Ba Ma v. Covidien Holding, Inc.*,
2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ... 6

*Van Bronkhorst v. Safeco Corp.*,
529 F.2d 943 (9th Cir. 1976) ... 5-6

*Vincent v. Reser*,
2013 WL 621865 (N.D. Cal. Feb. 19, 2013) ... 12

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
2019 WL 387322 (N.D. Cal. Jan. 30, 2019) ... 7

**Statutes**

11 U.S.C. § 362(a) ... 4

15 U.S.C. § 78j(b) ... 3

15 U.S.C. § 78t(a) ... 3

15 U.S.C. § 78u-4(a)(4) ... 12

15 U.S.C. § 78u-4(a)(7) ... 14

28 U.S.C. § 1715 ... 17

**Other Authorities**

17 C.F.R. § 240.10b-5 ... 3

Fed. R. Civ. Proc. 23 ... 1, 4, 15

Fed. R. Civ. Proc. 23(c)(2)(B) ... 13

Fed. R. Civ. Proc. 23(e) ... 6, 7

Fed. R. Civ. Proc. 23(e)(1) ... 6, 13

Fed. R. Civ. Proc. 23(e)(1)(B) ... 6, 13

Fed. R. Civ. Proc. 23(e)(2) ... 2, 6, 7

Fed. R. Civ. Proc. 23(e)(2)(ii) ..................... 6

Fed. R. Civ. Proc. 23(e)(2)(C) ..................... 9

Fed. R. Civ. Proc. 23(e)(2)(C)(ii) ..................... 10

Fed. R. Civ. Proc. 23(e)(2)(D) ..................... 9, 10

Fed. R. Civ. Proc. 23(e)(4) ..................... 15

Fed. R. Civ. Proc. 23(f) ..................... 4

Fed. R. Civ. Proc. 23(h)(1) ..................... 14

*In re Banco Bradesco S.A. Sec. Litig.*,
No. 1:16-cv-04155-GHW, slip. op. (S.D.N.Y. July 24, 2019) ..................... 13

*In re Med. Capital Sec. Litig.*,
No. 8:10-ml-2145-DOC-RNB, slip op. (C.D. Cal. May 6, 2013) ..................... 16

*Pace v. PetSmart*,
No. 8:13-cv-00500-DOC-RNB, slip op. (C.D. Cal. Jan. 14, 2015) ..................... 16

William B. Rubenstein, 3 *Newberg on Class Actions* § 8:28 (5th ed. 2019) ..................... 14

Court-appointed Lead Plaintiff and Class Representative Clark Miller respectfully moves this Court pursuant to Federal Rule of Civil Procedure ("Rule") 23 for entry of the Settling Parties' agreed-upon [Proposed] Order Preliminarily Approving Settlement with Defendant Darryl S. Baker and Providing for Notice ("Preliminary Approval Order").[1] Pursuant to the Stipulation, this Motion is unopposed by the Settling Defendant.

## I. PRELIMINARY STATEMENT

Following more than four years of hard-fought litigation, Class Representative has reached an agreement to resolve all claims asserted in the Action *solely* against the Settling Defendant, Darryl S. Baker, in exchange for $2,000,000 in cash.[2] At this time, Class Representative seeks the Court's preliminary approval of the Settlement with Defendant Baker under Rule 23 so that notice of the Settlement can be disseminated to the Class and the Settlement Fairness Hearing can be scheduled.

The Settlement—reached while defendants' summary judgment motion was pending and while the parties were actively preparing for trial—represents a favorable result for the Class. In agreeing to the Settlement, Class Representative and Class Counsel were wholly aware of the strengths and weaknesses of the Class's claims against Defendant Baker and made a fully informed evaluation of the risks of continued litigation and the fairness of the Action's resolution against him at this time. While Class Representative and Class Counsel believe the Class's claims against Defendant Baker are meritorious, they also recognized that, in the absence of a settlement, they faced substantial risks to obtaining a recovery from this defendant. Notably, there was a significant risk to establishing Defendant Baker's liability as he was the only individual defendant in this matter not criminally prosecuted in connection with Insys' off-label promotion of Subsys. There was also a risk that further litigation against Defendant Baker,

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant Darryl S. Baker dated May 22, 2020 ("Stipulation"). The Stipulation is attached as Exhibit 1 hereto. The Preliminary Approval Order, with exhibits, is filed concurrently herewith.

[2] The Settlement does not release any claims against the Non-Settling Defendants, Michael L. Babich and John N. Kapoor, and those claims are still being litigated.

even if successful, could have resulted in a smaller recovery, or no recovery, from him given that the limited insurance proceeds available to fund a settlement or satisfy a future judgment against Defendant Baker were also being used to pay defense costs, which would have continued to diminish through trial and on appeal.

At the Settlement Fairness Hearing, the Court will have before it more extensive submissions in support of the Settlement and will be asked to determine whether, in accordance with Rule 23(e)(2), the Settlement with Defendant Baker is fair, reasonable, and adequate. Entry of the Preliminary Approval Order will begin the process for consideration of final approval of the Settlement by, among other things: (i) preliminarily approving the Settlement on the terms set forth in the Stipulation; (ii) approving the form and content of the Postcard Settlement Notice, Settlement Notice, Summary Settlement Notice, and Claim Form attached as Attachments 1 through 4 to the Preliminary Approval Order; (iii) finding the plan for dissemination of the notices constitutes the best notice practicable under the circumstances and complies with due process, Rule 23, and the PSLRA; and (iv) setting a date and time for the Settlement Fairness Hearing, at which the Court will consider final approval of the Settlement, the Plan of Allocation, and Class Counsel's request for Litigation Expenses.

## II. FACTUAL BACKGROUND

### A. Overview of the Litigation

Insys represents itself as a commercial-stage specialty pharmaceutical company that develops and commercializes supportive care products primarily designed to assist patients with pain management attributable to their disease, treatments, or therapies. During the Class Period, Insys' principal product and virtually exclusive source of revenue was the prescription medication Subsys, a sublingual fentanyl spray designed to treat breakthrough cancer pain in opioid tolerant patients.[3] Defendant Baker was Insys' Chief Financial Officer during the Class Period.[4]

---

[3] *See* Second Amended Complaint for Violation of the Federal Securities Laws ("SAC") dated December 22, 2016 (Doc. 77), ¶¶ 1, 2.

[4] *See* SAC, ¶ 31.

This Action was commenced on February 2, 2016, with the filing of the initial complaint against Insys and certain of its Class Period executives. Doc. 1. On June 3, 2016, the Court appointed Clark Miller as Lead Plaintiff and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel and Bonnett, Fairbourn, Friedman & Balint, P.C. as Liaison Counsel. Doc. 40.

On June 24, 2016, Lead Plaintiff filed the Amended Complaint for Violation of the Federal Securities Laws ("Amended Complaint"), asserting violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10-5, promulgated thereunder by the U.S. Securities and Exchange Commission, 17 C.F.R. § 240.10b-5. Doc. 49. The Amended Complaint alleged that the defendants, including Baker, Babich and Kapoor, made materially false or misleading statements during the alleged class period regarding their marketing and sales of Subsy and that, when the relevant truth was revealed, the price of Insys common stock declined, causing damage to Insys shareholders. On August 19, 2016, Defendants moved to dismiss the Amended Complaint. Doc. 61.

Based on information that became available after the filing of the Amended Complaint, and with the consent of the defendants, Lead Plaintiff, on December 22, 2016, filed the operative SAC. Doc. 77. On January 18, 2017, defendants moved to dismiss the SAC. Doc. 85. Following full briefing and argument, the Court, on August 1, 2017, granted in part and denied in part the motion to dismiss. Doc. 107. Defendants answered the SAC on April 13, 2018, which they later amended. Docs. 131, 135.

Thereafter, the parties commenced discovery, which included: (i) the production of over 14 million pages of documents by defendants, third parties, and Class Representative; (ii) 15 fact and expert depositions; and (iii) the exchange of opening and rebuttal reports from four merits experts. The parties also served and responded to interrogatories and requests for admission, exchanged numerous letters, and held numerous conferences concerning discovery issues.

On August 31, 2018, Lead Plaintiff filed a motion for class certification. Doc. 159. While the motion was pending, Insys, on June 10, 2019, notified the Court and the parties that it had filed for bankruptcy protection under Chapter 11 of Title 11 of the United States Code. Doc. 230. Pursuant to 11 U.S.C. § 362(a) of the United States Code, the Action was automatically stayed as to Insys.

On September 20, 2019, the Court granted Lead Plaintiff's motion for class certification. Doc. 271. On October 4, 2019, defendant John N. Kapoor filed with the United States Court of Appeals for the Ninth Circuit a Petition for Permission to Appeal the Court's order on class certification pursuant to Rule 23(f). Doc. 273. The Ninth Circuit denied Mr. Kapoor's petition on December 18, 2019. *See Di Donato v. Kapoor*, No. 19-80135, Doc. 4 (9th Cir. Dec. 18, 2019).

On December 13, 2019, Class Representative filed a motion to voluntarily dismiss Insys from the Action with prejudice ("Insys Dismissal Motion"). Doc. 311. On the same day, Class Representative filed a motion to approve the form and manner of providing notice to the Class regarding the Court's certification of the Action as a class action pursuant to Rule 23, as well as the Insys Dismissal Motion. Doc. 312.

The Court granted the motion for class notice on March 20, 2020. Doc. 331. Thereafter, notice was provided to the Class (collectively, "Class Notice"). The Class Notice informed potential Class Members that the deadline for requesting exclusion from the Class and objecting to the Insys Dismissal Motion was April 30, 2020. Out of the thousands of notices disseminated, not one request for exclusion from the Class was received, and there were no objections to the Insys Dismissal Motion. Docs. 336, 337. On May 15, 2020, the Court granted the Insys Dismissal Motion and Insys was dismissed from the Action with prejudice. Doc. 338.

Meanwhile, all defendants moved for summary judgment on December 20, 2019. Doc. 317. Following full briefing, the Court denied defendants' motion for summary judgment in its entirety on May 8, 2020. Doc. 333.

**B. Terms of the Proposed Settlement**

While defendants' summary judgment motion was pending and following hard-fought, arm's-length negotiations, the Settling Parties agreed to resolve the Action. On May 8, 2020, the Settling Parties executed a Term Sheet setting forth their agreement in principle to settle the Action against Defendant Baker only, subject to certain terms and conditions to be set forth in a detailed stipulation of settlement and related papers.

On May 22, 2020, the Settling Parties executed the Stipulation setting forth the full terms and conditions of the Settlement. The Stipulation provides that Defendant Baker will cause to be paid $2,000,000 in cash (the "Settlement Amount") into an interest-bearing escrow account. The Settlement Amount, plus interest, after deduction of any Court-approved costs ("Net Settlement Fund"), will be distributed among Class Members who submit valid Claim Forms in accordance with a Court-approved plan of allocation.

If the Settlement receives the Court's final approval, Class Members will release the "Released Class Representative's Claims" in exchange for the Settlement Amount and the right to participate in the distribution of the Net Settlement Fund. *See* Stipulation, ¶ 1(ii). The release's scope is reasonable as it is limited to claims related to the purchase, acquisition or sale of Insys common stock during the class period (as originally pled), and to the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action. *Id*.

**III. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL**

**A. Standards Governing Approval of Class Action Settlements**

"In deciding whether to approve a proposed settlement, the Ninth Circuit has a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Heritage Bond Litig.*, 2005 WL 1594403, at *2 (C.D. Cal. June 10, 2005); *see also Officers for Justice v. Civil Serv. Commc'n*, 688 F.2d 615, 625 (9th Cir. 1982).[5] "[T]here is an overriding public interest in settling and quieting

---

[5] Here, as elsewhere, citations and footnotes have been omitted and emphasis has been added unless otherwise indicated.

litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

Moreover, the Ninth Circuit expressly recognizes that:

> The Court's role in evaluating the proposed settlement must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned.

*Van Ba Ma v. Covidien Holding, Inc.*, 2014 WL 360196, at *4 (C.D. Cal. Jan. 31, 2014) (citing *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)). Indeed, "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in [the] litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Rule 23(e) requires judicial approval for a compromise of claims brought on a class wide basis. Judicial approval of a class action settlement is a two-step process—*first*, the court performs a preliminary review of the terms of the proposed settlement to determine whether to send notice of the proposed settlement to the class, *see* Rule 23(e)(1); and *second*, after notice has been provided to the class and a hearing has been held, the court determines whether to grant final approval of the settlement. *See* Rule 23(e)(2); *see also Huddlestun v. Harrison Global, LLC*, 2018 WL 3752368, at *2 (S.D. Cal. Aug. 7, 2018).

With respect to the first stage of the process, a court should grant preliminary approval and authorize notice of a settlement to the class upon a finding that it "*will likely be able*" to (i) finally approve the settlement under Rule 23(e)(2) and (ii) certify the class for purposes of the settlement.[6] *See* Rule 23(e)(1)(B). In considering whether final approval is likely, Rule 23(e)(2) provides that the Court consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method

---

[6] Here, the Court has already certified the Class in the Action. Doc. 271

> of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.[7]

Each of these factors is satisfied here and, thus, preliminary approval is appropriate.

### B. The Court "Will Likely Be Able to" Approve the Proposed Settlement Under Rule 23(e)(2)

#### 1. "Procedural" Aspects of the Settlement Satisfy Rule 23(e)(2)

Rule 23(e)(2)'s first two factors "look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Rule 23(e)(2) advisory committee's note to 2018 amendment. Courts may consider "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases, [which] may indicate whether counsel negotiating on behalf of the class had an adequate information base." *Id.*; *see also Nguyen v. Radient Pharms. Corp.*, 2014 WL 1802293, at *3 (C.D. Cal. May 6, 2014) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") (alteration in original); *Heritage*, 2005 WL 1594403, at *9 ("A presumption of correctness is said to attach to a class settlement reached in arm's-length negotiations between experienced capable counsel after meaningful discovery.").

The Settlement with Defendant Baker embodies all the hallmarks of a procedurally fair resolution under Rule 23(e)(2). *First*, the Settling Parties have been litigating this Action since February 2016 and, at the time of settlement, they were awaiting a decision on summary judgment and just months away from trial. Therefore, the Settling Parties' settlement posture was informed by, among other things, significant work performed in

---

[7] The current standard for preliminary approval under Rule 23(e) was revised through amendments effective on December 1, 2018. The amendments effectively codified existing case law and retained the well-settled principle that a court should grant preliminary approval if "[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2019 WL 387322, at *4 (N.D. Cal. Jan. 30, 2019).

responding to a motion to dismiss, substantial fact and expert discovery, full briefing on class certification, full briefing on summary judgment, and substantial trial preparation and analysis. Indeed, this matter was "hard fought and contentiously litigated throughout." *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 324 (C.D. Cal. 2016) (granting preliminary approval where plaintiffs' counsel "engaged in substantial motion practice"). Accordingly, "both parties had ample time and information to evaluate all aspects of the case, the strength of the factual and legal questions at issue, and the likelihood of prevailing." *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *8 (C.D. Cal. July 27, 2015) (approving settlement where "settlement was reached two months before trial was set to commence and only after extensive fact discovery, expert discovery, and motions practice").

Additionally, by appointing Class Representative Miller—an investor who claims to have suffered damages as a result of his purchases of Insys common stock during the Class Period—the Court has already found him to have claims that are typical of those of other Class Members. Moreover, like the rest of the Class, Class Representative Miller has an interest in obtaining the largest possible recovery.

*Second*, the Settling Parties' settlement negotiations were at arm's-length and included a mediation facilitated by retired federal Judge Layn R. Phillips in August 2018.[8] While the August 2018 mediation ended without a resolution, the Settling Parties, during the pendency of defendants' motion for summary judgment, restarted their earlier discussions concerning the possibility of resolving the Action. These additional negotiations culminated in the Settling Parties' Settlement.

In addition, Class Counsel, a firm with a thorough understanding of the factual and legal issues in the Action, fully supports and has recommended the Settlement to Class Representative Miller. Likewise, counsel for Defendant Baker—Salmon, Lewis & Weldon, P.L.C.—has vigorously represented Mr. Baker. Because the Settlement is the

---

[8] *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

product of serious, informed, and non-collusive negotiations among experienced counsel, it deserves preliminary approval. *See Misra v. Decision One Mortg. Co.*, 2009 WL 4581276, at *9 (C.D. Cal. Apr. 13, 2009) (granting preliminary approval where there was "no evidence of fraud or collusion" and "[t]he parties negotiated the settlement at arms length between experienced counsel representing the interests of the plaintiffs and the defendant").

**2. The Settlement's Terms Are Adequate**

Rules 23(e)(2)(C) and 23(e)(2)(D) direct the Court to evaluate whether "the relief provided for the class is adequate" and "the proposal treats class members equitably relative to each other." Here, the Settlement with Defendant Baker represents a favorable result for the Class. Furthermore, Class Counsel, with the assistance of Class Representative Miller's damages expert, has proposed a plan for allocating the Settlement proceeds that ensures all Class Members will be treated equitably relative to their respective losses, as it follows Class Representative Miller's damages expert's report submitted in connection with summary judgment.

**a. The Settlement Provides Substantial Relief, Especially in Light of the Costs, Risks, and Delay of Further Litigation**

A key factor to be considered in assessing the approval of a class action settlement is the plaintiff's likelihood of success on the merits, balanced against the relief offered in settlement. Here, the Settlement with Defendant Baker provides for an immediate cash recovery of $2,000,000 to be allocated among Class Members following the deduction of Court-approved expenses.

In comparison, if the Action had continued, Class Representative Miller would have faced numerous risks that could have precluded him from securing any recovery at all from Defendant Baker on behalf of the certified Class. Class Representative Miller faced challenges to proving that Defendant Baker acted with scienter when making a materially false or misleading statement. In this regard, Defendant Baker's assertion that he legitimately believed any increased sales growth was at least partially due to Insys'

efforts with respect to oncologists—could have resonated with a jury. In addition, Defendant Baker would likely have argued that any of the fraudulent acts alleged in the Action were undertaken by the criminally convicted, Non-Settling Defendants, Messrs. Babich and Kapoor, and that Defendant Baker had no contemporaneous knowledge of the criminal conduct. Notably, unlike the Non-Settling Defendants, Defendant Baker was neither named as a defendant in the criminal proceedings related to Insys' off-label promotion of Subsys, nor was he interviewed by the government during its pre-trial investigation. Moreover, even were Class Representative Miller to prevail against Defendant Baker, proportionate fault provisions of the PSLRA may have reduced Defendant Baker's share of a judgment in Class Representative's favor.

Finally, there are severe limitations on the ability of Defendant Baker to pay a judgment beyond the limited insurance proceeds available, and Class Representative faced the real risk that he would not be able to collect any payment at all from Defendant Baker—even if a judgment was obtained against him at trial.[9] Thus, recovery from Defendant Baker was highly uncertain in this case and certainly could not have been achieved without incurring substantial additional costs and the considerable delay of further litigation.

**b. The Settlement Does Not Unjustly Favor Any Class Member**

The Court must also ultimately assess the Settlement's effectiveness in equitably distributing relief to members of the Class. Rule 23(e)(2)(C)(ii). Here, too, the Court can readily find the Settlement will likely earn approval. The Plan of Allocation that Class Representative Miller proposes ("Plan") provides for a straightforward and effective means of distributing the Net Settlement Fund to the Class and treats Class Members equitably relative to each other. *See* Rule 23(e)(2)(D).

---

[9] For example, Defendant Baker's counsel informed the Court that Defendant Baker would likely be insolvent if he had to fund his own defense costs and face an adverse judgment. *See* Aug. 9, 2019 Tr. 26:6-13. Doc. 260

The Plan provides for distribution of the Net Settlement Fund to Class Members who submit timely and valid Claim Forms demonstrating a loss on their transactions in Insys common stock purchased or otherwise acquired during the Class Period and held through one of the alleged corrective disclosures. The formula to apportion the Net Settlement Fund among Class Members, which was developed in consultation with Class Representative Miller's damages expert, is based on the estimated amount of artificial inflation in the price of Insys common stock over the course of the Class Period that was allegedly caused by defendants' misconduct. Further, the Plan apportions the Net Settlement Fund among Class Members based on when they purchased, acquired, and/or sold their Insys common stock, and was created without consideration of Class Representative's individual transactions.[10] This method ensures that Class Members' recoveries are based upon the relative losses they sustained, and eligible Class Members will receive a *pro rata* distribution from the Net Settlement Fund calculated in the same manner. *See Radient*, 2014 WL 1802293, at *12 ("A settlement in a securities class action case can be reasonable if it fairly treats class members by awarding a *pro rata* share to every Authorized Claimant . . ."); *see also In re Audioeye, Inc., Sec. Litig.*, 2017 WL 5514690, at *2 (D. Ariz. May 8, 2017) (finding plan of allocation providing for distribution to claimants on a *pro rata* basis to be fair and reasonable).

---

[10] As set forth in the Settlement Notice, based on Class Representative Miller's damages expert's estimate of the number of shares of Insys common stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement with Defendant Baker, the estimated average recovery per eligible share of Insys common stock (before deducting any Court-approved costs) is approximately $0.06 in connection with this Settlement. This is only an estimate, and some Class Members may recover more or less than this amount depending on, *inter alia*: (i) when and the price at which they purchased/acquired shares of Insys common stock; (ii) whether they sold their shares of Insys common stock and, if so, when; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of Litigation Expenses awarded by the Court.

**c. The Anticipated Request for Litigation Expenses Is Reasonable**

In an effort to preserve a material percentage of the proceeds of the partial Settlement of the Action for the certified Class, Class Counsel will ***NOT*** be seeking an award of attorneys' fees here. Rather, Class Counsel, will only seek reimbursement of a portion of the Litigation Expenses it has incurred since the matter commenced in 2016. As set forth in the proposed forms of notice to the Class, Class Counsel, on behalf of Plaintiffs' Counsel, will apply for reimbursement of Litigation Expenses in an amount not to exceed $650,000. This maximum amount is *far less* than the total amount of Litigation Expenses incurred by Plaintiffs' Counsel in litigating this Action to date. As will be detailed in a formal application submitted in connection with final approval of the Settlement, these Litigation Expenses were reasonably and necessarily incurred in connection with the prosecution and resolution of the Action against Defendant Baker, and are the types of expenses properly recovered by counsel. *See In re OmniVision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007) ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters."); *see also Vincent v. Reser*, 2013 WL 621865, at *5 (N.D. Cal. Feb. 19, 2013) (granting reimbursement of costs and expenses for "three experts and the mediator, photocopying and mailing expenses, travel expenses, and other reasonable litigation related expenses").[11]

---

[11] The proposed Settlement Notice also explains that Class Counsel's request for expenses may include a request for reimbursement of Class Representative Miller's reasonable costs and expenses incurred over four years and directly related to his representation of the Class, as permitted by the PSLRA, in an amount not to exceed $15,000. *See* 15 U.S.C. § 78u-4(a)(4) ("The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class.").

#### d. Class Representative Miller Has Identified All Agreements Made in Connection with the Settlement

The Stipulation—and its preceding Term Sheet—is the only agreement concerning the Settlement entered into by the Settling Parties.

## IV. THE PROPOSED SETTLEMENT NOTICE AND PLAN FOR PROVIDING SETTLEMENT NOTICE IS APPROPRIATE

Rule 23(c)(2)(B) requires notice to be "the best notice that is practicable under the circumstances." Further, Rule 23(e)(1)(B) requires that notice of a settlement be directed "in a reasonable manner to all class members who would be bound by the propos[ed settlement]." Moreover, notice "must generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (alteration in original).

Here, the Parties negotiated the form of notices to be disseminated to potential Class Members. Consistent with Rules 23(c)(2)(B) and 23(e)(1), the Claims Administrator will mail the Postcard Settlement Notice to all persons and entities who were previously mailed Class Notice and any other potential Class Members who otherwise can be identified through reasonable efforts.[12] The Postcard Settlement Notice will provide important information regarding the Settlement with Defendant Baker, along with the rights of Class Members in connection therewith, and will direct recipients to the Website, www.InsysRXSecuritiesLitigation.com, for more information regarding the Settlement, including a downloadable version of the long-form Settlement Notice.[13]

---

[12] The Court previously appointed A.B. Data, Ltd. as the Claims Administrator to supervise and administer the Class Notice. Doc. 331. Class Representative hereby requests the Court authorize Class Counsel to retain A.B. Data, Ltd. as the claims administrator for the Settlement. *See* Stipulation, Ex. A ¶ 4.

[13] Courts routinely allow settlement notice by postcard. *See McLaughlin v. IDT Energy*, 2018 WL 3642627, at *9 (E.D.N.Y. July 30, 2018) (approving "short-form notice to the proposed settlement class sent as a postcard and a long-form notice distributed via the Internet"); *Baker v. SeaWorld Entertainment, Inc.*, 2020 WL 818893, at *2-3 (S.D. Cal. Feb. 19, 2020) (approving notice of settlement through mailed postcard notice, posting of notice on website, and publication of summary notice); *In re Banco Bradesco S.A. Sec. Litig.*, No. 1:16-cv-04155-GHW, slip. op. at 5 (S.D.N.Y. July 24, 2019) (same);

The Settling Parties further propose to supplement the Postcard Settlement Notice with the Summary Settlement Notice—which provides additional notice of the Settlement to be published in accordance with the terms of the Preliminary Approval Order. Class Counsel will also make copies of the detailed Settlement Notice and Claim Form available on the Website, along with other relevant documents and information.[14]

Further, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees and costs] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The proposed notice satisfies these requirements, as both the Postcard Settlement Notice and Settlement Notice specifically advise Class Members that Class Counsel will apply to the Court for Litigation Expenses, not fees, in an amount not to exceed $650,000 to be paid from the Settlement Fund.

The proposed notice also includes all of the information required by the PSLRA, as well as additional information. *See* 15 U.S.C. § 78u-4(a)(7). Collectively, the proposed forms of notice describe the Settlement and set forth, among other things: (i) the nature, history, and status of the litigation; (ii) the definition of the Court-certified Class and who is excluded from the Class; (iii) the Settling Parties' reasons for the Settlement of the Action with Defendant Baker; (iv) the amount of the Settlement; (v) the estimated average recovery per damaged share based on the Settlement with Defendant Baker; (vi) the Class's claims and issues; (vii) the Settling Parties' disagreement over damages and liability; (viii) the maximum amount of expenses that Class Counsel intend to seek in connection with final settlement approval, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to his representation of the Class; (ix) the proposed plan for allocating the

---

*see* also William B. Rubenstein, 3 Newberg on Class Actions § 8:28 (5th ed. 2019) ("[N]umerous courts have held that postcard notice is 'more than sufficient.'") (collecting cases).

[14] The proposed Settlement Notice and Summary Settlement Notice are Attachments 2 and 3 to Exhibit A to the Stipulation.

Settlement proceeds to the Class; and (x) the date, time, and place of the final Settlement Fairness Hearing.

Additionally, the proposed notices discuss the rights Class Members have in connection with the Settlement, including: (i) the right to object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (ii) the right to participate in the Settlement and instructions on how to complete and submit a Claim Form to the Claims Administrator. The notices also provide contact information for Class Counsel and counsel for Defendant Baker, as well as the postal address for the Court.

As detailed above, the robust notice program proposed in connection with the Settlement easily satisfy the requirements of the Federal Rules and the PSLRA. Courts routinely find that comparable notice programs, combining individual notice by first-class mail to all class members who can reasonably be identified, supplemented with publication notice, meet all the requirements of Rule 23 and due process. *See, e.g.*, *Paggos v. Resonant, Inc.*, 2017 WL 3084162, at *11 (C.D. Cal. May 15, 2017); *Rieckborn v. Velti PLC*, 2015 WL 468329, at *7 (N.D. Cal. Feb. 3, 2015); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012).

## V. THE COURT SHOULD NOT REQUIRE A SECOND OPT-OUT PERIOD

Pursuant to the Court's March 20, 2020 Order (Doc. 331), A.B. Data, Ltd. disseminated the Court-approved Class Notice to potential Class Members to inform them of the pendency of the Action as a class action as well as their right to request exclusion from the Class and the procedures for doing so. *See* Doc. 336.[15] The Class Notice advised recipients that, pursuant to Rule 23(e)(4), it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action after a trial and appeal. *See* Doc. 336, Ex. 1 at Exs. A, B & C. The

---

[15] A.B. Data, Ltd. reported mailing over 25,000 copies of the postcard Class Notice to potential Class Members and nominees. *See* Doc. 336, ¶ 7. In addition, A.B. Data, Ltd. posted the long-form Class Notice on the website for the Action and published the summary Class Notice in *Investor's Business Daily*, and transmitted it over the *PR Newswire*, informing Class Members of the pendency of the Action and their right to request exclusion from the Class. *See id.*, Exs. A, B & C.

Class Notice made clear that Class Members would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable"—if they failed to exclude themselves from the Class. Doc. 336, Ex. 1 at Ex. A. In response to the Class Notice, not one Class Member requested exclusion from the Class. *See* Doc. 336.

The Ninth Circuit repeatedly has rejected the argument that due process requires that members of a Rule 23(b)(3) class be given a second opportunity to opt out when such Class Members already received extensive notice and ample opportunity to opt out of the Class, as they did here:

> [There is] no authority of any kind suggesting that due process requires that members of a Rule 23(b)(3) class be given a second chance to opt out. We think it does not. Byrd's rights are protected by the mechanism provided in the rule: approval by the district court after notice to the class and a fairness hearing at which dissenters can voice their objections, and the availability of review on appeal. Moreover, to hold that due process requires a second opportunity to opt out after the terms of the settlement have been disclosed to the class would impede the settlement process so favored in the law.

*Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018) (quoting *Officers for Justice*, 688 F.2d at 635) (alteration in original).[16]

In this case, there is no reason to depart from standard practice and require a second opt-out opportunity. The widespread notice program in connection with class certification informed Class Members of their right to exclude themselves from the Class and the new development that has occurred since Class Members made their decision of whether to opt-out—namely, vigorous litigation in preparation for trial that culminated in a recovery from one of the defendants—provides a clear benefit to the Class and negates any

---

[16] *See also Rodriguez v. W. Publ'g Corp.*, 2007 U.S. Dist. LEXIS 74849, at *68 (C.D. Cal. Sept. 10, 2007) ("A second opt-out [period] is not required."); *Pace v. PetSmart*, No. 8:13-cv-00500-DOC-RNB, slip op. ¶ 17 (C.D. Cal. Jan. 14, 2015) ("With respect to those class members who have already received class notice and have not opted-out, they are now bound by this Settlement and cannot opt-out."); *In re Med. Capital Sec. Litig.*, No. 8:10-ml-2145-DOC-RNB, slip op. ¶ 8 (C.D. Cal. May 6, 2013) (precluding class members "from having a second opportunity to exclude themselves from the [Settlement] Class" because the "previous class notice provided adequate information to Class Members about their rights and the claims in the Class Action, and informed Class Members that they would be bound by any judgments that the Court makes in this case if they did not exclude themselves from the Class at that time").

potential prejudice from disallowing a second opt out. Accordingly, the Court should exercise its discretion to preclude a second opt-out opportunity.

## VI. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Settling Parties respectfully propose the schedule set forth in the Preliminary Approval Order and summarized in Appendix A hereto. The only date the Court needs to schedule is the date for the Settlement Fairness Hearing. Class Representative Miller requests that the Court select a date at least 100 calendar days after entry of the Preliminary Approval Order to allow the Settling Parties to comply with the PSLRA with respect to CAFA Notice. *See* 28 U.S.C. § 1715 *et seq*.

## VII. CONCLUSION

For the foregoing reasons, Class Representative respectfully requests that the Court enter the [Proposed] Order Preliminarily Approving Settlement with Defendant Darryl S. Baker and Providing for Notice submitted herewith, which will: (i) preliminarily approve the Settlement; (ii) approve the proposed forms and manner of giving notice of the Settlement to the Class; and (iii) schedule a date and time to consider final approval of the Settlement and related matters.

DATED: May 22, 2020

Respectfully Submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*s/ Andrew L. Zivitz*
Andrew L. Zivitz (admitted *Pro Hac Vice*)
azivitz@ktmc.com
Johnston de F. Whitman, Jr. (admitted *Pro Hac Vice*)
jwhitman@ktmc.com
Jonathan F. Neumann (admitted *Pro Hac Vice*)
jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Jennifer L. Joost (admitted *Pro Hac Vice*)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff, Class Representative, and the Class*

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Francis J. Balint, Jr.
fbalint@bffb.com
Andrew S. Friedman
afriedman@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

*Liaison Counsel for Lead Plaintiff, Class Representative, and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those persons who are CM/ECF registrants:

Don Bivens
dbivens@swlaw.com
Anthony T. King
aking@swlaw.com
**SNELL & WILMER LLP**
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
Telephone: 602-382-6513
Facsimile: 602-382-6070

Larry A. Hammond
lhammond@omlaw.com
**OSBORN MALEDON PA**
2929 N. Central Ave.,
21st Floor
Phoenix, AZ 85012
Telephone: 602-640-9000
Facsimile: 602-640-9050

George J. Coleman
gjc@slwplc.com
Michael K. Foy
mkf@slwplc.com
**SALMON, LEWIS & WELDON, P.L.C.**
2850 E. Camelback Road,
Suite 200
Phoenix, AZ 85016
Telephone: 602-801-9060
Facsimile:: 602-801-9070

William Klain
wklain@lang-klain.com
Jason Clark
jclark@lang-klain.com
Zachary Rosenberg
zrosenberg@lang-klain.com
**LANG & KLAIN, PC**
6730 N. Scottsdale Road
Suite 101
Scottsdale, AZ 85253
Telephone: 480-534-4900
Facsimile: 480-970-5034

Bahram Seyedin-Noor
bahram@altolit.com
Bryan Ketroser
bryan@altolit.com
Jared Kopel
jared@altolit.com
Ian Browning
ian@altolit.com
**ALTO LITIGATION**
4 Embarcadero Center,
Suite 1400
San Francisco, CA 94111
Telephone: 415-779-2586
Facsimile: 866-654-7207

Brian T. Kelly
bkelly@nixonpeabody.com
Matthew L. McLaughlin
mmclaughlin@nixonpeabody.com
George J. Skelly
gskelly@nixonpeabody.com
**NIXON PEABODY LLP**
Exchange Place
53 State St.
Boston, MA 02109
Telephone: 617-345-1000
Facsimile: 617-345-1300

Russell Piccoli
rp@winazlaw.com
**RUSSELL PICCOLI PLC**
701 N. 44th St.
Phoenix, AZ 85008
Telephone: 480-429-3000
Facsimile: 480-429-3100

*s/ Andrew L. Zivitz*