**RUSSELL PICCOLI, PLC**
701 North 44th Street
Phoenix, Arizona  85008
Telephone:  (480) 429-3000
Russell Piccoli/004492
rp@winazlaw.com

**LANG & KLAIN, P.C.**
6730 N. SCOTTSDALE RD., SUITE 101
SCOTTSDALE, ARIZONA 85253
TELEPHONE (480) 534-4900
*Please e-serve filings on:*
*Filing@lang-klain.com*

WILLIAM G. KLAIN, #015851
wklain@lang-klain.com *(not for e-service)*
ZACHARY W. ROSENBERG, #033719
zrosenberg@lang-klain.com *(not for e-service)*

Attorneys for Defendant Michael Babich

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Insys Therapeutics, Inc.; Michael L. Babich; Darryl S. Baker; and John N. Kapoor,<br><br>　　　　　　Defendants. | **Case No.: 16-cv-00302-PHX-NVW**<br><br>**CLASS ACTION**<br><br>**DEFENDANT MICHAEL BABICH'S MOTION TO INCLUDE IN FINAL PRE-TRIAL ORDER DESIGNATION BY BABICH OF DEPOSITION DESIGNATIONS MADE BY PLAINTIFF IN THE PROPOSED PRE-TRIAL ORDER** |

　　　　Due to a substantial change in circumstances resulting from the recent settlement between Plaintiff and Defendant John Kapoor ("Kapoor"), of which Defendant Michael Babich ("Babich") could not anticipate and was necessarily unaware at the time he participated in the preparation of the Corrected Proposed Pre-Trial Order (Doc. 355) ("the Proposed PTO"), Babich hereby moves this Court for relief under section H, paragraph 7 of the Proposed PTO so as to permit inclusion in the final pre-trial order to be entered by the Court designation by Babich of certain deposition excerpts already designated by Plaintiff.

　　　　The Proposed PTO provides, in part, that:

       7.     Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

Proposed PTO at § 7, ¶ H.

In light of this language, Babich specifically moves the Court to provide in the final pre-trial order for inclusion of those portions of Xun Yu's ("Yu['s]") and Kapoor's dispositions designated in Plaintiff's pre-trial deposition designations (Doc. 355-5 at 58–90) within Babich's listing of pretrial deposition designations. This modification is warranted, proper, and supported by good cause as it will result in no prejudice to Plaintiff, Babich could not have anticipated Kapoor's settlement with Plaintiff at the time the Proposed PTO was prepared and submitted to the Court, and the jury should be presented with Yu's and Kapoor's testimony for consideration in its apportionment of fault in the event it finds Babich liable.

The parties filed the Proposed PTO on June 18, 2020. On June 25, 2020, Kapoor and Plaintiff unexpectedly filed a Notice of Settlement (Doc. 364) ("the Notice"). Babich was unaware of Kapoor's settlement prior to the filing of Notice and during the time the Proposed PTO was crafted and deposition designations were selected and listed. In the event this Court approves the settlements reached by each of Defendants Darryl Baker and Kapoor with Plaintiff, Babich will be the only defendant at trial.

A critical determination to be made by the jury at trial in this action should it find liability on the part of Babich is the allocation of fault between Insys, Baker, Kapoor, and Babich. "[A] covered person against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3)." 15 U.S.C. §78u-4(f)(2)(B). In allocating fault, the jury may consider "the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by plaintiff; and… whether such person knowingly committed a violation of the securities laws" §78u-4(f)(3)(A)(ii) and (iii).

In the Proposed PTO, Plaintiff designated portions of Yu's and Kapoor's dispositions to be used at trial (Doc. 355-5 at 58–90). This was a substantial portion of the evidence and

testimony that Plaintiff intended to present, particularly against Kapoor, so much so that Plaintiff moved in *limine* for an adverse inference instruction to be drawn from, and limitation on Kapoor's ability to present evidence contrary to, his deposition testimony (Doc. 362 at 6, PMIL No. 3). *Babich had no expectation that this evidence would not be presented in Plaintiffs' case-in-chief, and intended to rely on it and the anticipated adverse-inference instruction to argue that any fault should be apportioned primarily to other defendants if he is found liable.*

It is no longer certain that this evidence will be presented to or considered by the jury. This substantial change in the evidence likely to be presented at trial necessitates relief section H, paragraph 7 of the Proposed PTO and inclusion in the Court's final pre-trial order of designation by Babich of the same Yu and Kapoor deposition designations made by Plaintiff. Such will allow Babich to present the defense that he always intended to pursue based on the evidence the Plaintiff, up until he settled his claims with Kapoor, plainly intended to present at trial – namely, the deposition testimony of Yu and Kapoor designated by Plaintiff.

Babich asked Plaintiff to agree that he may present those deposition excerpts Plaintiff designated in the proposed PTO. Plaintiff refused, stating "[t]o the extent that the Plaintiff Class utilizes its designations of either Kapoor or Yu, the jury will hear them, but we do not agree that Mr. Babich can adopt any of the Plaintiff Class's evidence or argument." **Exhibit 1**. Ignoring the impact of the Kapoor settlement upon the evidence now likely to be presented to the jury and the parties' changed motivations in that regard due to that settlement (which are different from those that existed at the time the Proposed PTO was prepared), Plaintiff offered no explanation as to how this minor modification of the Proposed PTO would prejudice him or why the recent settlement with Kapoor did not create good cause. In light of Plaintiff's refusal, Babich asks the Court to allow inclusion of Plaintiff's own Yu and Kapoor deposition designations within Babich's designations.

Though somewhat inapplicable because a final pre-trial order has not yet been entered by this Court, even under Rule 16's onerous standard, Babich's request to be allowed to present evidence Plaintiff designated for use at trial should be granted. "The court may modify the order

*issued after a final pretrial conference* only to prevent manifest injustice." Fed. R. Civ. P. 16(e) (emphasis added). However, a court's pretrial order is not "an inexorable decree." *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F.2d 1287, 1294 (9th Cir.1983).  It may be modified after weighing:

> (1) the degree of prejudice or surprise to the [other parties] if the order is modified; (2) the ability of the [the other parties] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification."

*Estate of Holton ex rel Holton v. Terhune*, 40 Fed. Appx. 387, 390 (9th Cir. 2002) (permitting a modification of a pre-trial order that added a new cause of action) (quoting *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir.1998), *overruled by statute in non-relevant part as recognized in Nicholson v. City of Los Angeles*, 935 F.3d 685, 696 n.5 (9th Cir. 2019)).  "The moving party must show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Holton*, 40 Fed. Appx. at 390.  The four factors all weigh in favor of Babich.

First, there is no conceivable prejudice to Plaintiff by Babich presenting the evidence that Plaintiff himself indicated in the Proposed PTO that he would present at trial.  Babich does not seek leave to present evidence never listed by any party in the Proposed PTO as might involve some element of surprise or manifest unfairness, implicating a reevaluation of the other evidence and positions of the parties encompassed within the Proposed PTO and related pretrial submissions to the Court.  Again, the evidence Babich seeks to use is the very same as that which Plaintiff designated and was motivated to present (at least before the Kapoor settlement).  Thus, there can be no serious argument Plaintiff will be prejudiced by the relief requested by this Motion.

Second, as allowing Babich to present Yu's and Kapoor's deposition testimony designated by Plaintiff will not prejudice Plaintiff, there is no prejudice to be cured.

Third, allowing Babich to present to the jury Yu's and Kapoor's deposition testimony designated by Plaintiff will have no effect upon the "orderly and efficient" presentation of the

case at trial. *The deposition designations in question were already included in the Proposed PTO by Plaintiff himself.*   As a grant of this Motion will merely allow Babich to present the exact same evidence that would have been presented by Plaintiff but for the recent, post-Proposed PTO filing, the relief sought will not alter or adversely impact the orderly presentation of evidence or efficiency of the trial in this matter.  Indeed, but for the recent settlement between Plaintiff and Kapoor, this evidence would have been presented by Plaintiff, as contemplated by the Proposed PTO and all parties when it was prepared.

Fourth, there is no bad faith or (culpable) willfulness on the part of Babich in seeking a minor, reasonable modification to the Proposed PTO.  As noted above, at the time Babich participated in the preparation of the Proposed PTO and its submission to the Court, he was necessarily unaware that Plaintiff and Kapoor would subsequently resolve the matter as to Kapoor.  Babich's desire and need to utilize those portions of Yu's and Kapoor's deposition testimony designated by Plaintiff only arose upon announcement of the settlement and because of the likely resultant change upon Plaintiff's motivation to still present that evidence at trial. The evidence will be used by Babich to pursue a defense he nevertheless would have presented anyway using nothing but evidence Plaintiff intended to present at trial.

For these reasons, Babich requests that this Court include in its final pre-trial order language permitting him to present to the jury the portions of Xun Yu's and John Kapoor's depositions designated by Plaintiff for presentment at trial.

DATED this 2nd day of July, 2020.

RUSSELL PICCOLI, PLC


By   /s/ Russell Piccoli
          Russell Piccoli
          Attorneys for Defendant Michael Babich

LANG & KLAIN, P.C.


By: /s/ William G. Klain
          William G. Klain
          Zachary W. Rosenberg
          Co-Counsel for Defendant Michael Babich

1
2

**CERTIFICATE OF SERVICE**

3
4
5

I hereby certify that on July 2, 2020, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

6
7
8

By: /s/ Lisa Plisko

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28