IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Insys Therapeutics, Inc.; et al.,<br><br>Defendants. | No. CV-16-00302-PHX-NVW<br><br>**ORDER** |

Before the Court is the Class Representative's Motion for Order Preliminarily Approving Settlement with Defendant Michael L. Babich, etc. (Doc. 399). The Motion does not provide enough information for the Court to grant preliminary approval or for some or many class members to make informed decisions on whether to object to the proposed settlement. Therefore, a supplemental motion will be ordered to give the missing information.

Approval of a proposed settlement requires balancing of (1) the strength of the plaintiffs' claim, (2) the provable damages, (3) the amount of recoverable assets or resources of the defendant, (4) the cost of continued prosecution of the case. The proposed settlement calls for a payment of $250,000.00 from Defendant Babich. Insurance indemnification has been denied. The provable damages are hotly disputed, but range between zero and $189.5 million. But the Motion fails to disclose the amount of assets or resources of Defendant Babich, though the information has been exchanged among

counsel. The Motion argues that cash contributions by settling individual securities class action defendants are not customary, but that avoids the inquiry; it does not end it.

The Motion says "Defendant Babich's current financial obligations . . . far exceeds [sic] his net worth. Indeed, based on the financial information provided by Defendant Babich's Counsel in connection with the Settling Parties settlement discussion, Mr. Babich's financial obligations exceed his overall net worth by more than $49 million." (Doc. 399 at 9-10.) Thus, the parties and counsel know Babich's assets, but they keep them secret from the Court and the class members. On this showing alone, the Court could not grant preliminary approval of the Babich settlement. Nor could class members make informed decisions on whether to object to the settlement. The moving parties and counsel ask everyone to take it on faith that the lawyers have reached an acceptable settlement. The class members do not have to take it on faith, and the Court does not.

IT IS THEREFORE ORDERED that the parties submit by 5:00 p.m. on August 3, 2020, a supplemental memorandum disclosing and explaining (1) Defendant Babich's assets, not just his other obligations, (2) how and from what sources Defendant Babich can supply $250,000.00 in settlement in light of his negative net worth of $49 million, and (3) why he cannot pay more, bearing in mind that settlements must always leave defendants better off than a total liquidation of assets. An earlier supplement would speed action on approval of the settlement.

IT IS FURTHER ORDERED that the August 17, 2020, trial date and pretrial deadlines are reaffirmed and will not be delayed unless and until the Court grants preliminary approval of the Babich settlement.

Dated: July 24, 2020.

_____
Neil V. Wake
Senior United States District Judge