**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Andrew L. Zivitz
azivitz@ktmc.com
Johnston de F. Whitman, Jr.
jwhitman@ktmc.com
Jonathan F. Neumann
jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Jennifer L. Joost
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff, Class*
*Representative, and the Class*

[*Additional Counsel listed on signature page.*]

**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
Francis J. Balint, Jr.
fbalint@bffb.com
Andrew S. Friedman
afriedman@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

*Liaison Counsel for Lead Plaintiff, Class*
*Representative, and the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Insys Therapeutics, Inc.; Michael L. Babich; Darryl S. Baker; and John N. Kapoor,<br><br>Defendants. | No. 16-cv-00302-NVW<br><br>**CLASS ACTION**<br><br>**SUPPLEMENT TO CLASS REPRESENTATIVE'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT MICHAEL L. BABICH** |

# TABLE OF CONTENTS

**Page**

I.    MR. BABICH'S CURRENT ASSETS ................................................... 1

II.   THE SOURCE OF FUNDING FOR THE PROPOSED SETTLEMENT ............. 1

III.  MR. BABICH'S POTENTIAL TO PAY A GREATER AMOUNT ...................... 2

      A.   Mr. Babich's Ability to Pay ......................................................... 2

      B.   The Plaintiff Class's Risk of Recovering Less Than the Settlement Amount, Even After Securing a Jury Verdict Against Mr. Babich ............................ 4

           1.   A Jury Verdict Will Likely Cause Mr. Babich to Become Insolvent, Triggering the Arizona Attorney General's Right to Enforce Immediately a $642 Million Stipulated Judgment Against Mr. Babich ................................ 5

           2.   A Jury Verdict for the Plaintiff Class Will Likely Cause the Federal Government to Execute Immediately Upon the $74 Million in Combined Forfeiture and Restitution Amounts that Mr. Babich Owes ................................ 7

IV.   CONCLUSION ................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Amgen Inc. Sec. Litig.*,
2016 WL 10571773 (C.D. Cal. Oct. 25, 2016)................................................. 4

*Anixter v. Home-Stake Prod. Co.*,
77 F.3d 1215 (10th Cir. 1996) ........................................................................ 4

*In re Apple Comput. Sec. Litig.*,
1991 WL 238298 (N.D. Cal. Sept. 6, 1991) ................................................4-5

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
2011 WL 1585605 (S.D. Fla. Apr. 25, 2011), *aff'd on other grounds*,
688 F.3d 713 (11th Cir. 2012) ........................................................................ 4

*Larson v. Harman-Mgmt. Corp.*,
2019 WL 7038399 (E.D. Cal. Dec. 20, 2019) .............................................3-4

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .......................................................................... 3

*Robbins v. Koger Props. Inc.*,
116 F.3d 1441 (11th Cir. 1997) ...................................................................... 4

*Schaffer v. Litton Loan Servicing, LP*,
2012 WL 10274679 (C.D. Cal. Nov. 13, 2012)............................................... 3

**Statutes**

ARS §§ 13-2301, *et. seq.*........................................................................................ 5

ARS §§ 44-1521, *et seq.*......................................................................................... 5

**Other Authorities**

*United States of America v. Babich, et al.*,
No. 1:16-cr-10343-ADB (D. Mass.) ....................................................... 1, 2, 7

1    Pursuant to the Court's July 24, 2020 Order (Doc. 400), the Court-appointed Class

2  Representative (together with the Plaintiff Class, "Plaintiffs") and Defendant Michael L.

3  Babich ("Mr. Babich" or the "Settling Defendant" and, together with Class

4  Representative, the "Settling Parties") hereby respectfully submit this supplement

5  ("Supplement") to Class Representative's motion for preliminary approval of the

6  proposed settlement of the above-captioned action ("Action") between Class

7  Representative and Mr. Babich. Doc. 399.[1]

8  ## I.    MR. BABICH'S CURRENT ASSETS

9    As of June 2020, Mr. Babich had approximately $23.1 million in assets, consisting

10  of approximately $21.6 million in marketable and unmarketable securities, a significant

11  portion of which is substantially illiquid, and $1.5 million in cash assets. *See* Declaration

12  of Russell Piccoli ("Piccoli Decl."), ¶ 5, attached as Exhibit 1 to the Declaration of

13  Johnston de F. Whitman, Jr. ("Whitman Decl.").

14    As set forth in Class Representative's Motion for an Order Preliminarily

15  Approving Settlement with Michael L. Babich (the "Preliminary Approval Motion")

16  (Doc. 399), Mr. Babich's current assets are offset by, among other things, his unsatisfied

17  forfeiture and restitution obligations—in excess of $74 million—imposed as a result of

18  his guilty plea in *United States of America v. Babich, et al.*, No. 1:16-cr-10343-ADB

19  (D. Mass.) ("Criminal Action"). Furthermore, as discussed below, Mr. Babich is

20  currently defending numerous other pending matters that collectively seek more than

21  $3 billion in damages (the "Concurrent Litigation"). *See infra* Section III.A.

22  ## II.    THE SOURCE OF FUNDING FOR THE PROPOSED SETTLEMENT

23    Mr. Babich intends to fund the Settlement Amount by paying cash from the

24  approximately $1.5 million in cash assets that he currently holds. Piccoli Decl., ¶¶ 5,7.

25

26

27  [1]    All terms with initial capitalization not otherwise defined herein shall have the
meanings ascribed to them in the Stipulation and Agreement of Settlement Between Lead
28  Plaintiff and Defendant Michael L. Babich dated July 21, 2020 (the "Stipulation").
Doc. 399-1.

## III.   MR. BABICH'S POTENTIAL TO PAY A GREATER AMOUNT

Mr. Babich is not in a position to pay more to settle this matter given his current financial condition, as constrained by the $74 million in unsatisfied forfeiture and restitution obligations arising from the Criminal Action and the more than $3 billion in exposure from the cases comprising the Concurrent Litigation. As the Court recognized, "settlements must always leave defendants better off than a total liquidation of assets." Doc. 400 at 2. Here, the proposed Settlement payment that Mr. Babich has agreed to make must be evaluated in light of: (i) his ability to pay, not only based upon his assets counterbalanced by his unsatisfied liabilities discussed above, but also considering his financial exposure to the Concurrent Litigation; and (ii) the appreciable risk that, even if Plaintiffs prevailed following a time-consuming and expensive trial, given Mr. Babich's constrained assets and existing financial obligations to federal and state regulators, the Plaintiff Class would recover less than the Settlement Amount (or nothing), because they would likely be relegated to pursuing claims against Mr. Babich's bankruptcy estate alongside (at best) state and federal regulators, among others, that already have stipulated judgments against Mr. Babich.

### A.   Mr. Babich's Ability to Pay

As stated in the Preliminary Approval Motion, Mr. Babich's unsatisfied forfeiture and restitution obligations to the federal government exceed his current net worth by more than $49 million. Doc. 399 at 9-10. These federal judgments present a direct restraint on Mr. Babich's ability to pay a greater amount here.

Moreover, the Settling Parties have attached as Exhibit 2 to the Whitman Decl. a document addressing the cases comprising the Concurrent Litigation, together with damages estimates, which exceed $3 billion in the aggregate. Mr. Babich's ability to pay more to fund a settlement of Plaintiffs' claims against him in the Action is constrained by his collective financial exposure from and his ongoing need to fund a defense of the claims against him in the Concurrent Litigation. Piccoli Decl., ¶¶ 8-9. Additionally, a payment from Mr. Babich greater than the costs of defending the claims against him in

this Action could create a run on Mr. Babich's currently negative net worth from the plaintiffs suing him in the Concurrent Litigation. *Id.*, ¶ 9. If successful, these claims would lead Mr. Babich into bankruptcy. *Id.*

Given these circumstances, Mr. Babich's position is that the $250,000 Settlement Amount, representing his counsel's estimated cost of defending Mr. Babich through the conclusion of this matter, was the maximum settlement payment that Mr. Babich could make. Piccoli Decl., ¶ 8. In this regard, Mr. Babich viewed paying any greater Settlement Amount and trying the case to verdict in Plaintiffs' favor as presenting a roughly equivalent risk of insolvency for Mr. Babich. *Id.*, ¶ 10. For Plaintiffs, their alternative to accepting the Settlement Amount to resolve the Action as to Mr. Babich was to try the case, at great expense;[2] and, if successful, pursue their judgment against Babich alongside other creditors, including the State of Arizona, in Babich's likely inevitable bankruptcy filing. *Id.*, ¶¶ 13-14; *see also infra* Section III.B.

The proposed Settlement provides an immediate cash payment for the benefit of the Class, as opposed to the likelihood of recovering less or nothing following a costly trial and lengthy appeals process. In this regard, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (citation omitted). "Estimates of what constitutes a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679, *11 (C.D. Cal. Nov. 13, 2012); *see also, e.g.*, *Larson v. Harman-Mgmt. Corp.*, 2019 WL 7038399, at *6-7 (E.D. Cal. Dec. 20, 2019)

---

[2]     Plaintiffs' cost of trying the case would far exceed the cost to Mr. Babich. Among other things, Plaintiffs have retained three expert witnesses, at least two of which are certain to testify at trial, while Mr. Babich has none. Additionally, as Class Counsel neither resides nor maintains offices in Phoenix, there would be considerable costs securing CDC-compliant travel, lodging, and office space for a minimum of three weeks in preparing for and presenting at trial.

(preliminarily approving settlement representing less than 0.1% of potential statutory damages).

Moreover, the proposed Settlement, combined with the settlements reached in the Action with Defendants Darryl S. Baker and John L. Kapoor, will provide the Class with a collective payment of no less than $2.95 million, with the potential to increase to up to $12.25 million, comprising a favorable aggregate recovery for the Class. *See* Doc. 399 at 13-14.

### B. The Plaintiff Class's Risk of Recovering Less Than the Settlement Amount, Even After Securing a Jury Verdict Against Mr. Babich

It is well-established that the proposed Settlement must be considered alongside the risk that the jury would find in Mr. Babich's favor following a costly trial, as well as the risk that any such verdict would be affirmed in a time-consuming post-verdict appeal. *See* Doc. 399 at 12-13; *see also* Doc. 400 at 1 (among the factors considered in evaluating a proposed settlement is "the cost of continued prosecution of the case"); *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *3 (C.D. Cal. Oct. 25, 2016) ("A trial of a complex, fact-intensive case like this could have taken weeks, and the likely appeals of rulings on summary judgment and at trial could have added years to the litigation.").

While Plaintiffs' Counsel believes that Plaintiffs' claims against Mr. Babich are meritorious and supported by admissible evidence, Mr. Babich's counsel, on the other hand, believes that he can prevail at trial (Piccoli Decl., ¶ 11), and numerous other securities class actions with sound claims have proceeded to trial with the class recovering nothing. *See, e.g.*, *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011) (overturning jury verdict for plaintiff class, and granting judgment as a matter of law to defendants), *aff'd on other grounds*, 688 F.3d 713 (11th Cir. 2012); *Robbins v. Koger Props. Inc.*, 116 F.3d 1441 (11th Cir. 1997) (jury verdict of over $81 million for plaintiffs against accounting firm reversed on appeal); *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning securities class action jury verdict for plaintiffs in case filed in 1973 and tried in 1988); *In re Apple*

*Comput. Sec. Litig.*, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991) (after jury rendered a verdict for plaintiffs following an extended trial, the court overturned the verdict).

In addition to the omnipresent risk of losing at trial, however, Plaintiffs here also face a far more relevant and demonstrable risk that they would likely secure ***little or no financial recovery even after obtaining a jury verdict in their favor at trial***.

> **1.      A Jury Verdict Will Likely Cause Mr. Babich to Become Insolvent, Triggering the Arizona Attorney General's Right to Enforce Immediately a $642 Million Stipulated Judgment Against Mr. Babich**

On July 19, 2019, the State of Arizona, through Arizona Attorney General Mark Brnovich, filed a complaint in the Superior Court of the State of Arizona in and for Maricopa County against Mr. Babich and others alleging violations of both the Arizona Consumer Protection Act, Arizona Revised Statutes ("ARS") §§ 44-1521, *et seq.*, and the Arizona RICO statute, ARS §§ 13-2301, *et. seq.*, in connection with alleged acts and omissions by Mr. Babich in marketing Subsys. Case No. CV2019-010695 (the "AZAG Action"). On June 26, 2020, Mr. Babich entered into a Stipulated Consent Judgment (the "AZAG Judgment") to resolve the claims alleged against him in the AZAG Action. *See* Whitman Decl. at Ex. 3.[3] Among other things, the AZAG Judgment provides for judgment in the amount of $599.2 million against Mr. Babich as a civil penalty and judgment in the amount of $45 million against Mr. Babich as disgorgement. *Id.* at p. 6. Of the combined $644,200,000 in penalties and disgorgement, Mr. Babich agreed to pay $2,000,000, or 0.31%. Piccoli Decl., ¶ 8.E.

The AZAG Judgment also provides that if Mr. Babich files for bankruptcy under Title 11 of the United States Code within 120 days of Mr. Babich's payment of the $2,000,000 reflected therein, then such payment ***will not be recognized*** as satisfying Mr. Babich's $644,200,000 in penalties and disgorgement if any creditor, such as

---

[3]      The AZAG complaint and the AZAG Judgment also name as a defendant Mr. Babich's wife, Natalie Levine, on the alleged basis that Ms. Levine benefitted from the alleged misconduct through her marital community with Mr. Babich.

Plaintiffs here, files a petition for relief against Mr. Babich's estate. Whitman Decl. at Ex. 3 at pp. 6-7. In such instance, the State of Arizona would have a claim as to the remaining $642,000,000 in penalties and disgorgement under the AZAG Judgment. In any event, the AZAG Judgment further provides that the State of Arizona reserves its right to pursue the remaining $642,000,000 in penalties and disgorgement under the AZAG Judgment if Mr. Babich files for bankruptcy protection at any time. *Id.* at 7.

Given that the trial of Plaintiffs' claims against Mr. Babich in this Action is anticipated to conclude during the first week of September 2020, a decision in Plaintiffs' favor would be almost certainly be rendered within 120 days of Mr. Babich's June 26, 2020 partial payment of penalties and disgorgement under the AZAG Judgment.[4] Mr. Babich's counsel has represented that if Plaintiffs obtain a judgment from this Court, then Mr. Babich is likely to promptly file for bankruptcy protection. Piccoli Decl., ¶ 10. In such instance, Plaintiffs' ability to collect any portion of the trial judgment in this case will, at best, be competing with the State of Arizona's claim to $642,000,000, and Plaintiffs will in all likelihood recover nothing after prevailing at trial.[5] Even if Mr. Babich files for bankruptcy later than approximately October 23, 2020, Plaintiffs will be competing with the State of Arizona, the federal government (as discussed below in Section III.B.2), and other claimants (as discussed above in Section III.A) to try to obtain a portion of a trial judgment secured here.

---

[4]     The 120-day period referenced in the AZAG Judgment will run on or about October 23, 2020.

[5]     Mr. Babich has also entered into a Stipulation for Judgment (the "Alabama Stipulation") in a case that the Mobile County Board of Health brought against him and other defendant parties in the Circuit Court of Mobile County, Alabama. *See* Whitman Decl. at Ex. 4. Pursuant to the Alabama Stipulation, Mr. Babich has agreed to have judgment entered against him in the amount of $750 million. *Id.* If the Alabama Court approves the Alabama Stipulation, then Mobile County will have a $750 million claim against Mr. Babich if he files for bankruptcy protection. Piccoli Decl., ¶ 13.

**2.     A Jury Verdict for the Plaintiff Class Will Likely Cause the Federal Government to Execute Immediately Upon the $74 Million in Combined Forfeiture and Restitution Amounts that Mr. Babich Owes**

Based upon the approximately $74 million in outstanding and unsatisfied forfeiture and restitution amounts that Mr. Babich owes in connection with the Criminal Action, Plaintiffs believe that it is likely that the federal government would seek to collect on those same outstanding amounts in the event that the jury renders a verdict in Plaintiffs' favor in this Action. This action by the federal government, in response and in addition to a judgment in Plaintiffs' favor, is almost certain to cause Mr. Babich to file for bankruptcy. Piccoli Decl., ¶ 11. In this instance, Plaintiffs' claims against Mr. Babich's estate would be, at best, competing with the State of Arizona's and the federal government's aggregate claims of approximately $716 million,[6] all but assuring that Plaintiffs would receive nothing from a trial victory in this Action.

## IV.     CONCLUSION

For all of the foregoing reasons and those detailed in Class Representative's Preliminary Approval Motion, the Settling Parties respectfully request that the Court grant preliminary approval of the Settlement and enter the proposed Preliminary Approval Order. The Settling Parties are available to respond to any further questions the Court may have regarding the Settlement.

DATED: July 29, 2020                    Respectfully Submitted,

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

*s/ Johnston de F. Whitman, Jr.*
Andrew L. Zivitz (admitted *Pro Hac Vice*)
azivitz@ktmc.com
Johnston de F. Whitman, Jr. (admitted *Pro Hac Vice*)
jwhitman@ktmc.com
Jonathan F. Neumann (admitted *Pro Hac Vice*)

---

[6]     As noted above, if the court in Mobile, Alabama approves the Alabama Stipulation, then Plaintiffs would be, at best competing with aggregate claims of at more than $1.4 billion against Mr. Babich's bankruptcy estate.

jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Jennifer L. Joost (admitted *Pro Hac Vice*)
jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Lead Counsel for Lead Plaintiff, Class Representative, and the Class*

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
Francis J. Balint, Jr.
fbalint@bffb.com
Andrew S. Friedman
afriedman@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

*Liaison Counsel for Lead Plaintiff, Class Representative, and the Class*

**RUSSELL PICCOLI, PLC**

*s/ Russell Piccoli with permission*
Russell Piccoli, No. 004492
rp@winazlaw.com
701 North 44th Street
Phoenix, AZ 85008
Telephone: (480) 429-3000

**LANG & KLAIN, P.C.**

*s/ William G. Klain with permission*
Zachary W. Rosenberg, No. 033719
zrosenberg@lang-klain.com
William G. Klain, No. 015851

wklain@lang-klain.com
6730 N. Scottsdale Rd., Suite 101
Scottsdale, AZ 85253
Telephone: (480) 534-4900
Facsimile: (480) 970-5034

*Attorneys for Defendant Michael L. Babich*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those persons who are CM/ECF registrants:

David Rosenbaum
drosenbaum@omlaw.com
**OSBORN MALEDON PA**
2929 N. Central Ave.,
21st Floor
Phoenix, AZ 85012
Telephone: 602-640-9000
Facsimile: 602-640-9050

George J. Coleman
gjc@slwplc.com
Michael K. Foy
mkf@slwplc.com
**SALMON, LEWIS & WELDON, P.L.C.**
2850 E. Camelback Road,
Suite 200
Phoenix, AZ 85016
Telephone: 602-801-9060
Facsimile: 602-801-9070

William Klain
wklain@lang-klain.com
Jason Clark
jclark@lang-klain.com
Zachary Rosenberg
zrosenberg@lang-klain.com
**LANG & KLAIN, PC**
6730 N. Scottsdale Road
Suite 101
Scottsdale, AZ 85253
Telephone: 480-534-4900
Facsimile: 480-970-5034

Bahram Seyedin-Noor
bahram@altolit.com
Bryan Ketroser
bryan@altolit.com
Jared Kopel
jared@altolit.com
Ian Browning
ian@altolit.com
**ALTO LITIGATION**
4 Embarcadero Center,
Suite 1400
San Francisco, CA 94111
Telephone: 415-779-2586
Facsimile: 866-654-7207

Brian T. Kelly
bkelly@nixonpeabody.com
Matthew L. McLaughlin
mmclaughlin@nixonpeabody.com
George J. Skelly
gskelly@nixonpeabody.com
**NIXON PEABODY LLP**
Exchange Place
53 State St.
Boston, MA 02109
Telephone: 617-345-1000
Facsimile: 617-345-1300

Russell Piccoli
rp@winazlaw.com
**RUSSELL PICCOLI PLC**
701 N. 44th St.
Phoenix, AZ 85008
Telephone: 480-429-3000
Facsimile: 480-429-3100

*s/ Johnston de F. Whitman, Jr.*