IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Insys Therapeutics, Inc.; et al.,<br><br>Defendants. | No. CV-16-00302-PHX-NVW<br><br>**ORDER RE LITIGATION EXPENSES** |

This matter came on for hearings on Class Counsel's motions for reimbursement of Litigation Expenses (Docs. 406, 425) filed in connection with the settlements achieved in the above-captioned action ("Action") with defendants Darryl S. Baker and Michael L. Babich (the "Baker Settlement" and "Babich Settlement," respectively) and Class Counsel's motion for an award of attorneys' fees (Doc. 410) filed in connection with the settlement achieved in the Action with defendant John N. Kapoor (the "Kapoor Settlement" and, together with the Baker and Babich Settlements, the "Settlements").[1]

The Court having considered all matters submitted to it at the Settlement Fairness Hearings and otherwise; and it appearing that notice of each of the Settlements and

---

[1] The Court held a final hearing for each of the Settlements (collectively, the "Settlement Fairness Hearings"). The final hearing for the Baker Settlement was held on September 23, 2020, the final hearing for the Kapoor Settlement was held on October 15, 2020, and the final hearing for the Babich Settlement was held on November 18, 2020.

Settlement Fairness Hearings substantially in the forms approved by the Court were mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of each of the Settlements and Settlement Fairness Hearings substantially in the forms approved by the Court was published in *Investor's Business Daily* and transmitted over the *PR Newswire* pursuant to the specifications of the Court set forth in each of its Orders preliminarily approving the Settlements (Docs. 347, 373, 402); and the Court having considered and determined the fairness and reasonableness of Class Counsel's motions for reimbursement of Litigation Expenses and award of attorneys' fees,

NOW, THEREFORE, IT IS HEREBY ORDERED granting Class Counsel's motions (Doc. 406, 425 and 410).

IT IS FURTHER ORDERED THAT:

1. This Order incorporates by reference the definitions in: (i) the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant Darryl S. Baker dated May 22, 2020 (Doc. 341-1); (ii) the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant John N. Kapoor dated July 1, 2020 (Doc. 371-1); and (iii) the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant Michael L. Babich dated July 21, 2020 (Doc. 399-1) (collectively, the "Stipulations"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulations.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's motions for reimbursement of Litigation Expenses in connection with the Baker and Babich Settlements and Class's Counsel's motion for an award of attorneys' fees in connection with the Kapoor Settlement was given to all Class Members who or which could be identified with reasonable effort. The forms and methods of notifying the Class of the motions for reimbursement of Litigation

Expenses and the motion for an award of attorneys' fees satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1, 78u-4), as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. **Reimbursement of Litigation Expenses from Baker Settlement** - Class Counsel is hereby awarded $635,000.00 in reimbursement of Plaintiffs' Counsel's Litigation Expenses (which expenses shall be paid from the Settlement Fund created in the Baker Settlement), which sum the Court finds to be fair and reasonable.

5. Class Representative Clark Miller is hereby awarded $15,000.00 from the Settlement Fund created in the Baker Settlement as reimbursement for his reasonable costs directly related to his representation of the Class.

6. **Reimbursement of Litigation Expenses from Babich Settlement** - Class Counsel is hereby awarded $75,000.00 in reimbursement of Plaintiffs' Counsel's Litigation Expenses (which expenses shall be paid from the Settlement Fund created in the Babich Settlement), which sum the Court finds to be fair and reasonable.

7. **Award of Attorneys' Fees from Kapoor Settlement** - Class Counsel is hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund created in the Kapoor Settlement, which sum the Court finds to be fair and reasonable. In accordance with the Stipulation for the Kapoor Settlement, any attorneys' fees awarded by the Court shall be paid to Class Counsel from the Down Payment immediately upon award, and immediately from any other proceeds obtained through the Kapoor Settlement as those proceeds are received into the Escrow Account (without the need for additional Court Orders). Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

8. In making the foregoing awards for reimbursement of Litigation Expenses and attorneys' fees, the Court has considered and found that:

(a) The Settlements will provide the Class with a collective recovery of no less than $2.95 million with the potential to increase to $12.25 million, and will resolve this Action in its entirety. Numerous Class Members who submit acceptable Claim Forms will benefit from the Settlements that occurred because of the efforts of Plaintiffs' Counsel;

(b) The requested expense amounts in connection with the Baker and Babich Settlements have been approved as reasonable by Class Representative; and the fee sought in connection with the Kapoor Settlement is based on a retainer agreement entered into between Class Representative and Class Counsel at the outset of Class Representative's involvement in the Action, and is supported by Class Representative;

(c) In the aggregate, more than 93,600 Postcard Settlement Notices and 12,600 long-form Settlement Notice for the Settlements were mailed to potential Class Members and nominees, and the long-form Settlement Notices for the Settlements which included the Plan of Allocation were posted on the Website. Docs. 407-2, 411-2, 426-2. An additional 886 long-form Settlement Notices (including the Plan of Allocation) were downloaded from the Website. Docs. 423-1, 426-2. The notices for the Baker Settlement stated that Class Counsel would apply for reimbursement of Litigation Expenses in an amount not to exceed $650,000, which amount may include a request for reimbursement to Class Representative in an aggregate amount not to exceed $15,000; the notices for the Kapoor Settlement stated that Class Counsel would apply for an award of attorneys' fees, inclusive of any remaining Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendant Kapoor which were not sought to be reimbursed in connection with the Baker Settlement, in an amount not to exceed 30% of the Settlement Fund in the aggregate; and

the notices for the Babich Settlement stated that Class Counsel would apply for reimbursement of Litigation Expenses in an amount not to exceed $75,000;

        (d)    Plaintiffs' Counsel conducted the litigation and achieved the Settlements with skill, perseverance, and diligent advocacy;

        (e)    The Action raised a number of complex issues;

        (f)    Had Plaintiffs' Counsel not achieved the Settlements, there would remain a significant risk that Class Representative and the other members of the Class may have recovered less or nothing from Defendants after trial;

        (g)    In the aggregate, Plaintiffs' Counsel have expended $1,202,389.60 in expenses and devoted more than 22,306 hours, with a collective lodestar value of $11,539,774.75, to achieve the Settlements;

        (h)    The amounts of Litigation Expenses awarded from the Settlement Funds in the Baker and Babich Settlements are fair and reasonable and supported by the facts of the Action and the law, and the attorneys' fees awarded from the Settlement Fund in the Kapoor Settlement are fair and reasonable and consistent with awards in similar cases; and

        (i)    Not a single Class Member has objected to the requests for reimbursement of Litigation Expenses in connection with the Baker and Babich Settlements or the request for an award of attorneys' fees in connection with the Kapoor Settlement.

9. Any appeal or any challenge affecting this Court's approval regarding any application for attorneys' fees or reimbursement of Litigation Expenses shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulations and this Order.

11. In the event that the Settlements are terminated or the Effective Dates of the Settlements otherwise fail to occur, this Order shall be rendered null and void to the extent provided by the Stipulations.

Dated this 18th day of November, 2020.

_____
Neil V. Wake
Senior United States District Judge