IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Di Donato, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Insys Therapeutics, Inc.; et al.,<br><br>Defendants. | No. CV-16-00302-PHX-NVW<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENTS WITH DEFENDANTS DARRYL S. BAKER, JOHN N. KAPOOR, AND MICHAEL L. BABICH** |

WHEREAS, an action is pending in this Court entitled *Di Donato v. Insys Therapeutics, Inc., et al.*, No. 16-cv-00302-NVW (the "Action");

WHEREAS, by Order dated September 20, 2019 (Doc. 271), this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired Insys Therapeutics, Inc. ("Insys") common stock during the period from March 3, 2015, through January 25, 2016 (the "Class Period"), and were damaged thereby (the "Class");[1]

---

[1] Excluded from the Class are: (i) Defendants; (ii) present and former directors or executive officers of Insys and members of their immediate families (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) any of the foregoing individuals' or entities' legal representatives, heirs, successors, or assigns; and (iv) any entity in which any Defendant has or had a controlling interest, or which is related to or affiliated with, any Defendant. The Court did not certify the Action against Insys, as claims against Insys are subject to a mandatory and automatic stay of litigation pursuant to 11 U.S.C. § 362 of the United States Code due to its bankruptcy filing.

WHEREAS, pursuant to the Court's Order dated March 20, 2020 (Doc. 331), notice was disseminated to potential members of the Class to notify them of, among other things: (i) the pendency of the Action against defendants Darryl S. Baker, John N. Kapoor, and Michael L. Babich (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed against Defendants as a class action on behalf of the Class; (iii) the right of Class Members to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion from the Class, and the requirements for requesting exclusion;[2] (iv) the then-pending motion to voluntarily dismiss Insys from the Action with prejudice given the Company's bankruptcy and the Class's inability to pursue claims against Insys in the Action based upon the Company's bankruptcy; and (v) the right of Class Members to object to the motion to voluntarily dismiss Insys from the Action with prejudice ("Class Notice");[3]

WHEREAS, Court-appointed Lead Plaintiff and Class Representative Clark Miller ("Class Representative"), on behalf of himself and the other members of the Court-certified Class, and Darryl S. Baker ("Defendant Baker") have entered into the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant Darryl S. Baker dated May 22, 2020 (the "Baker Stipulation") (Doc. 341-1), that provides for a complete dismissal with prejudice of the claims asserted against Defendant Baker in the Action on the terms and conditions set forth in the Baker Stipulation, subject to the approval of this Court (the "Baker Settlement");

---

[2] Pursuant to the Court's Order Preliminarily Approving Settlement with Defendant Darryl S. Baker and Providing for Notice dated June 5, 2020 (Doc. 347), because Class Members had the opportunity to exclude themselves in connection with Class Notice, the Court exercised its discretion not to permit Class Members a second opportunity to exclude themselves from the Class in connection with the settlement proceedings, which became the law of this case, thereby precluding Class Members from excluding themselves from all subsequent settlements.

[3] By Order dated May 15, 2020 (Doc. 338), Insys was dismissed from the Action with prejudice.

WHEREAS, by Order dated June 5, 2020 (the "Baker Preliminary Approval Order") (Doc. 347), this Court: (a) found, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e)(1)(B), that it would likely be able to approve the Baker Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Baker Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Baker Settlement; and (d) scheduled a hearing regarding final approval of the Baker Settlement;

WHEREAS, Class Representative, on behalf of himself and the other members of the Court-certified Class, and John N. Kapoor ("Defendant Kapoor") have entered into the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant John N. Kapoor dated July 1, 2020 (the "Kapoor Stipulation") (Doc. 371-1), that provides for a complete dismissal with prejudice of the claims asserted against Defendant Kapoor in the Action on the terms and conditions set forth in the Kapoor Stipulation, subject to the approval of this Court (the "Kapoor Settlement");

WHEREAS, by Order dated July 2, 2020 (the "Kapoor Preliminary Approval Order") (Doc. 373), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Kapoor Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Kapoor Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Kapoor Settlement; and (d) scheduled a hearing regarding final approval of the Kapoor Settlement;

WHEREAS, Class Representative, on behalf of himself and the other members of the Court-certified Class, and Michael L. Babich ("Defendant Babich") have entered into the Stipulation and Agreement of Settlement Between Lead Plaintiff and Defendant Michael L. Babich dated July 21, 2020 (the "Babich Stipulation") (Doc. 399-1),[4] that

---

[4] Unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Baker Stipulation, the Kapoor Stipulation, and

provides for a complete dismissal with prejudice of the claims asserted against Defendant Babich in the Action on the terms and conditions set forth in the Babich Stipulation, subject to the approval of this Court (the "Babich Settlement");

WHEREAS, by Order dated July 31, 2020 (the "Babich Preliminary Approval Order") (Doc. 402), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Babich Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Babich Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Babich Settlement; and (d) scheduled a hearing regarding final approval of the Babich Settlement;

WHEREAS, due and adequate notice of the Baker Settlement, Kapoor Settlement, and Babich Settlement (collectively, the "Settlements") has been given to the Class;

WHEREAS, the Court conducted hearings on September 23, 2020, October 15, 2020, and November 18, 2020 (the "Settlement Fairness Hearings") to consider, among other things: (a) whether the terms and conditions of the Settlements are fair, reasonable, and adequate to the Class, and should therefore be approved; (b) whether notice of the Settlements to the Class was adequate; and (c) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulations, all papers filed and proceedings held herein in connection with the Settlements, all oral and written comments received regarding the Settlements, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlements, as well as personal

---

the Babich Stipulation (collectively, the "Stipulations").

jurisdiction over Class Representative and Defendants (collectively, the "Settling Parties") and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulations filed with the Court on May 22, 2020, July 1, 2020, and July 21, 2020 (Docs. 341-1, 371-1, 399-1); (b) the Postcard Settlement Notice, the Settlement Notice, and the Summary Settlement Notice for the Baker Settlement, all of which were filed with the Court on August 19, 2020; (c) the Postcard Settlement Notice, the Settlement Notice, and the Summary Settlement Notice for the Kapoor Settlement, all of which were filed with the Court on September 10, 2020; and (d) the Postcard Settlement Notice, the Settlement Notice, and the Summary Settlement Notice for the Babich Settlement, all of which were filed with the Court on October 14, 2020.

3. **Notice** – The Court finds that the mailing of the Postcard Settlement Notices for the Settlements, the posting of the Settlement Notices for the Settlements on the Website, and the publication of the Summary Settlement Notices for the Settlements: (a) were implemented in accordance with the Preliminary Approval Orders for the Settlements; (b) constituted the best notice practicable under the circumstances;
(c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlements (including the releases to be provided thereunder); (ii) Class Counsel's motion for an award of attorneys' fees in connection with the Kapoor Settlement and Class Counsel's motions for reimbursement of Litigation Expenses in connection with the Baker and Babich Settlements; (iii) Class Members' right to object to any aspect of the Settlements, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and motions for reimbursement of Litigation Expenses; and (iv) Class Members' right to appear at the Settlement Fairness Hearings; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to

receive notice of the proposed Settlements; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied for each of the Settlements.

**Final Settlement Approval of the Baker Settlement and Dismissal of Claims Against Defendant Baker**

5. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Baker Settlement set forth in the Baker Stipulation in all respects (including, without limitation, the amount of the Baker Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendant Baker in the Action), and finds that the Baker Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Baker Settlement was negotiated at arm's length; (c) the relief provided for the Class under the Baker Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed award of Litigation Expenses; and (d) the Baker Settlement treats members of the Class equitably relative to each other. Class Representative and Defendant Baker are directed to implement, perform, and consummate the Baker Settlement in accordance with the terms and provisions contained in the Baker Stipulation.

6. The Action and all of the claims asserted against Defendant Baker in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to Defendant Baker. Class Representative and Defendant

Baker shall bear their own costs and expenses, except as otherwise expressly provided in the Baker Stipulation.

7. **Baker Settlement Releases** - The Releases set forth in ¶¶ 5 and 6 of the Baker Stipulation ("Baker Settlement Releases"), together with the definitions contained in ¶ 1 of the Baker Stipulation relating thereto, are expressly incorporated herein in all respects. The Baker Settlement Releases are effective as of the Effective Date of the Baker Settlement. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 8 below, upon the Effective Date of the Baker Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim (as that term is defined in the Baker Stipulation) against Defendant Baker and the other Settling Defendant's Releasees (as that term is defined in the Baker Stipulation), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of the Settling Defendant's Releasees whether or not such Class Member executes and delivers a Claim Form; and

(b) Without further action by anyone, and subject to ¶ 8 below, upon the Effective Date of the Baker Settlement, Defendant Baker, on behalf of himself, and his spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Defendant's Claim (as that term is defined in the Baker Stipulation) against Class Representative and the other Class Representative's Releasees (as that term is defined in the Baker Stipulation), and

shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendant's Claims against any of the Class Representative's Releasees.

8. Notwithstanding ¶¶ 7(a) – (b) above, nothing in this Judgment shall bar any action by Class Representative and/or Defendant Baker to enforce or effectuate the terms of the Baker Stipulation or this Judgment.

**Final Settlement Approval of the Kapoor Settlement and
Dismissal of Claims Against Defendant Kapoor**

9. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Kapoor Settlement set forth in the Kapoor Stipulation in all respects (including, without limitation, the amount and terms of the Settlement Consideration, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendant Kapoor in the Action), and finds that the Kapoor Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Kapoor Settlement was negotiated at arm's length; (c) the relief provided for the Class under the Kapoor Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Kapoor Settlement treats members of the Class equitably relative to each other. Class Representative and Defendant Kapoor are directed to implement, perform, and consummate the Kapoor Settlement in accordance with the terms and provisions contained in the Kapoor Stipulation.

10. The Action and all of the claims asserted against Defendant Kapoor in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to Defendant Kapoor. Class Representative and Defendant Kapoor shall bear their own costs and expenses, except as otherwise expressly provided in the Kapoor Stipulation.

11. **Kapoor Settlement Releases** – The Releases set forth in ¶¶ 4 and 5 of the Kapoor Stipulation ("Kapoor Settlement Releases"), together with the definitions contained in ¶ 1 of the Kapoor Stipulation relating thereto, are expressly incorporated herein in all respects. The Kapoor Settlement Releases are effective as of the Effective Date of the Kapoor Settlement. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 12 below, upon the Effective Date of the Kapoor Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim (as that term is defined in the Kapoor Stipulation) against Defendant Kapoor and the other Settling Defendant's Releasees (as that term is defined in the Kapoor Stipulation), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of the Settling Defendant's Releasees whether or not such Class Member executes and delivers a Claim Form; and

(b) Without further action by anyone, and subject to ¶ 12 below, upon the Effective Date of the Kapoor Settlement, Defendant Kapoor, on behalf of himself, and his spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Defendant's Claim (as that term is defined in the Kapoor Stipulation) against Class Representative and the other Class Representative's Releasees (as that term is defined in the Kapoor Stipulation), and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendant's Claims against any of the Class Representative's Releasees.

12. Notwithstanding ¶¶ 11(a) – (b) above, nothing in this Judgment shall bar any action by Class Representative and/or Defendant Kapoor to enforce or effectuate the terms of the Kapoor Stipulation or this Judgment.

**Final Settlement Approval of the Babich Settlement and**
**Dismissal of Claims Against Defendant Babich**

13. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Babich Settlement set forth in the Babich Stipulation in all respects (including, without limitation, the amount of the Babich Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendant Babich in the Action), and finds that the Babich Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Babich Settlement was negotiated at arm's length; (c) the relief provided for the Class under the Babich Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed award of Litigation Expenses; and (d) the Babich Settlement treats members of the Class equitably relative to each other. Class Representative and Defendant Babich are directed to implement, perform, and consummate the Babich Settlement in accordance with the terms and provisions contained in the Babich Stipulation.

14. The Action and all of the claims asserted against Defendant Babich in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to Defendant Babich. Class Representative and Defendant Babich shall bear their own costs and expenses, except as otherwise expressly provided in the Babich Stipulation.

15. **Babich Settlement Releases** - The Releases set forth in ¶¶ 4 and 5 of the Babich Stipulation ("Babich Settlement Releases"), together with the definitions

contained in ¶ 1 of the Babich Stipulation relating thereto, are expressly incorporated herein in all respects. The Babich Settlement Releases are effective as of the Effective Date of the Babich Settlement. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 16 below, upon the Effective Date of the Babich Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim (as that term is defined in the Babich Stipulation) against Defendant Babich and the other Settling Defendant's Releasees (as that term is defined in the Babich Stipulation), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of the Settling Defendant's Releasees whether or not such Class Member executes and delivers a Claim Form; and

(b) Without further action by anyone, and subject to ¶ 16 below, upon the Effective Date of the Babich Settlement, Defendant Babich, on behalf of himself, and his spouses, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Settling Defendant's Claim (as that term is defined in the Babich Stipulation) against Class Representative and the other Class Representative's Releasees (as that term is defined in the Babich Stipulation), and shall forever be barred and enjoined from prosecuting any or all of the Released Settling Defendant's Claims against any of the Class Representative's Releasees.

16. Notwithstanding ¶¶ 15(a) – (b) above, nothing in this Judgment shall bar any action by Class Representative and/or Defendant Babich to enforce or effectuate the terms of the Babich Stipulation or this Judgment.

17. **Binding Effect** – The terms of the Stipulations and of this Judgment shall be forever binding on the Defendant to which the respective Stipulation applies, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Funds), as well as their respective successors and assigns.

18. **Bar Order** – With respect to each of the Settlements, pursuant to the PSLRA, specifically 15 U.S.C. § 78u-4(f)(7)(A), and common law, the Court hereby bars all future claims by any individual or entity against any of the Settling Defendant's Releasees (as that term is defined in each of the respective Stipulations), and by the Settling Defendant's Releasees against any individual or entity other than a person whose liability has been extinguished by the respective Settlement, for (a) contribution or indemnity (or any other claim, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Class Representative in the Action, or (b) any other claim of any type, whether arising under state, federal, common, or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Class Representative and/or members of the Class arising out of or related to the claims or allegations asserted by Class Representative in the Action.

19. Pursuant to the PSLRA and common law, any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the bar order set forth in ¶ 18 above shall, pursuant to 15 U.S.C. §78u-4(f)(7)(B), be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the respective Defendant for common damages; or (b) the amount paid by or on behalf of the respective Defendant to the Class for common damages.

20. **Rule 11 Findings** – Pursuant to 15 U.S.C. § 78u-4(c)(1), and based on its review of the record, the Court finds that Class Representative and Defendants and their respective counsel complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the initial complaint (Doc. 1), Amended Complaint (Doc. 49), Second Amended Complaint (Doc. 77), Answer and amended Answer (Docs. 131, 135), and dispositive motions (Docs. 61, 85, 311, 317) filed in the Action.

21. **No Admissions** – Neither this Judgment, the Stipulations (whether or not consummated), including the exhibits thereto and the respective Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulations, nor any proceedings taken pursuant to or in connection with the Stipulations and/or approval of the Settlements (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Settling Defendant's Releasees (as that term is defined in each respective Stipulation) as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendant's Releasees (as that term is defined in each respective Stipulation) with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendant's Releasees (as that term is defined in each respective Stipulation) or in any way referred to for any other reason as against any of the Settling Defendant's Releasees (as that term is defined in each respective Stipulation), in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the respective Stipulation;

(b) shall be offered against any of the Class Representative's Releasees (as that term is defined in each respective Stipulation), as evidence of, or construed as, or

deemed to be evidence of any presumption, concession, or admission by any of the Class Representative's Releasees (as that term is defined in each respective Stipulation) that any of their claims are without merit, that any of the Settling Defendant's Releasees (as that term is defined in each respective Stipulation) had meritorious defenses, or that damages recoverable under the Second Amended Complaint against the respective Defendant would not have exceeded the respective Settlement Amount/Settlement Consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Class Representative's Releasees (as that term is defined in each respective Stipulation), in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the respective Stipulation; or

(c) shall be construed against any of the Releasees (as set forth in the respective Stipulation) as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered from the respective Defendant after trial; *provided, however*, that Class Representative, the respective Defendant, the respective Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the respective Settlement, and may file the respective Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) Class Representative and Defendants for purposes of the administration, interpretation, implementation, and enforcement of the Settlements; (b) the disposition of the Settlement Funds; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation

Expenses by Class Counsel in the Action that will be paid from the Settlement Funds; (d) any motion to approve the Plan of Allocation, which is the same for each of the Settlements; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

23. Separate orders shall be entered regarding approval of a plan of allocation and the motions of Class Counsel for an award of attorneys' fees in connection with the Kapoor Settlement and for reimbursement of Litigation Expenses in connection with the Baker and Babich Settlements. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlements.

24. **Modification of the Stipulations** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of their respective Stipulation or any exhibits attached thereto to effectuate the respective Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the respective Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of their respective Stipulation.

25. **Termination of Settlements** – If any of the Settlements is terminated as provided in the respective Stipulation or the Effective Date of any of the Settlements otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect with respect to the terminated Settlement(s), except as otherwise provided by the respective Stipulation(s), and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and the Defendant(s) involved in the terminated Settlement(s), and Class Representative and the Defendant(s) involved in the terminated Settlement(s) shall revert to their respective positions in the Action as provided in the respective Stipulation(s).

26. With this Order, all claims of all parties have been adjudicated and this is a Final Judgment.

27. The Clerk shall terminate this case.

Dated this 18th day of November, 2020.

*Neil V. Wake*
Neil V. Wake
Senior United States District Judge